UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

TYLER MAUL,

      Plaintiff,                        Case No.:  2:23-cv-11139-MAG-APP

V                                  HON. MARK A. GOLDSMITH

BEAUMONT HOSPITAL – DEARBORN,
a Michigan corporation, K-9 ACADEMY
TRAINING FACILITY, LLC,
a Michigan Limited Liability Company,
JOSEPH TUCKER, an individual,
WHITNEY GUERBER, an individual,
DANIEL MACK, an individual, and
MARK WILKES, an individual,

      Defendants.

| | |
|---|---|
| Teresa J. Gorman (P61001) | James K. Fett (P39461) |
| Teresa J. Gorman PLLC | Fett & Fields, P.C. |
| Attorney for Plaintiff | 407 N. Main St. |
| 5700 Crooks Road, Suite 200 | Ann Arbor, MI  48104 |
| Troy, MI 48098 | 734-954-0100 |
| Tel: (248) 763-6943 | Fax: 734-954-0762 |
| Fax (248) 689-3268 | jim@fettlaw.com |
| terigorman@aol.com | Attorneys for K-9 Defendants |
| | |
| Charlotte Croson (P56589) | |
| Croson, Taub & Michaels PLLC | |
| Attorneys for Plaintiff | |
| 455 East Eisenhower Parkway | |
| Suite 75 | |
| Ann Arbor, MI 48108 | |
| Tel: (734) 519-0973 | |
| Fax: (734) 519-0876 | |
| ccroson@ctmlawyers.com | |

## <u>DEFENDANTS RULE 11 MOTION</u>

Defendants K-9 Academy Training Facility, LLC, Mark Wilkes, and Daniel Mack, through counsel, move for sanctions under Fed. R. Civ. P. 11 (c) as follows:

1.     The undersigned counsel certifies that counsel communicated in writing with opposing counsel, explaining the nature of relief to be sought by way of this motion and seeking concurrence in the relief, and 21 business days have lapsed without counsel expressly agreeing to the relief, orally or in writing.

2.     Defendants are in the K-9 handler training business – Defendant K-9 Academy Training Facility, LLC, ("K-9") is the school owned by Terrence Foley ("Foley").

3.     Defendants Mark Wilkes ("Wilkes") and Daniel Mack ("Mack") are Master Trainers that teach at K-9.

4.     Foley, Wilkes, and Mack are all retired police officers from Wayne and Highland Park (Foley), Dearborn (Wilkes), and Allen Park (Mack).

5.     The Defendants train K-9 handlers for law enforcement, security businesses, hospitals, and other entities needing K-9 services; they also provide K-9 services to these same entities.

6.     K-9 trained K-9 handlers for Beaumont (now Corewell) healthcare facilities in southeast Michigan.

7.     Plaintiff was a security officer for Beaumont, first at the Beaumont Taylor facility, and then at Beaumont-Dearborn (formerly Oakwood Hospital).

8.     Beaumont-Dearborn sent Plaintiff and his canine "Lincoln" to K-9 for training; at all times he was a Beaumont employee and it was Beaumont that decided to terminate Plaintiff's employment, based in part on his failings as a K-9 handler as determined by these Defendants.

9.     Plaintiff settled his case with the Beaumont Defendants on the caption, leaving only the instant Defendants.

10.    Plaintiff asserted the following claims against Defendants;

Count I:     ADA Disability Discrimination (including failure to accommodate)

Count II:    ADA Retaliation

Count III:   Persons with Disabilities Civil Rights Act ("PWDCRA") Disability Discrimination

Count IV:    PWDCRA Retaliation

Count X:     Civil Conspiracy

Count XI:    Intentional Infliction of Emotional Distress

11.    Plaintiff dismissed Counts II and IV against all Defendants and Counts I and III against the individual Defendants only.

12.    Plaintiff's failure to dismiss Count I (ADA Discrimination) violates Rule 11 because Plaintiff admits instant Defendants were unaware of his disability.

Complaint, para 43, ECF No. 1, PageID.7; Exhibit A: Plaintiff's Dep. ("PD") at 91:24-92:5; 104:6-12; 107:19-22, *Raytheon Co. v. Hernandez*, 540 U.S. 44, 54 fn. 7, 124 S.Ct. 513 (2003) ("The Court of Appeals did not explain, however, how it could be said that Bockmiller was motivated to reject respondent's application because of his disability if Brockmiller was entirely unaware that such disability existed. If Bockmiller were truly unaware that such a disability existed, it would be impossible for her hiring decision to have been based, even in part, on respondent's disability. And, if no part of the hiring decision turned on respondent's status as disabled, he cannot, ipso facto, have been subject to disparate treatment"); *Liu v. Dejoy*, 664 F.Supp.3d 1030, 1052 (C.D. Cal. 2023).

13.    Plaintiff's failure to dismiss Count III (the PWDCRA claim) violates Rule 11 for the same reasons as the above Count I.

14.    Plaintiff's failure to dismiss Count X (Civil Conspiracy) violates Rule 11 because Plaintiff cites only the following evidence of conspiracy:

> Q.    My question to you regarding that allegation is how do you know that Tucker, Guerber, Mack and Wilkes conspired with one another?
>
> A.    Because when I brought up the concern about what was happening to Lincoln, all of a sudden I get pulled into this office. It's way too close of a timeline for all of this to happen. And again, I have never signed anything and there is nothing in my employee file.

> Q.    Okay. And you don't recall the timing though of how long between your Complaint and you getting called in on August 16, 2022?
>
> A.    If I had to, like I said to you before, maybe three, four-ish weeks. Again, I don't know.

**Exhibit A:** PD 163:22-164:11.

15.    Finally, Plaintiff's failure to dismiss Count XI (Intentional Infliction of Emotional Distress) violates Rule 11 because the alleged "… conduct that was extreme, outrageous, and of such character as to not be tolerated by a civilized society" was:

> Q.    Tell us the conduct that was extreme, outrageous and of a character as not to be tolerated.
>
> A.    Well, I can refer back to when I asked and asked and asked for a peaceful resolution again and again knowing how - - because what the recording there doesn't tell you is that I was through - - my anxiety was through the roof of what was going on.  I asked Whitney, let's - - please, let's sit down.  Let's talk.  Let's figure this out.  Let's come up with a solution.

**Exhibit A:** PD 165:21-167:1.

WHEREFORE, Defendants requests that this Court award sanctions under Rule11(c) for Plaintiff's failure to dismiss his remaining claims against Defendants.

Respectfully Submitted,

FETT & FIELDS, P.C.

/s/ James K. Fett
By:  James K. Fett (P39461)
Fett & Fields, P.C.
407 North Main Street, 2nd Floor
Ann Arbor, MI 48104
734-954-0100
jim@fettlaw.com
Dated:  March 15, 2024          Attorneys for Defendant

6

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TYLER MAUL,

      Plaintiff,                  Case No.:  2:23-cv-11139-MAG-APP

V                              HON. MARK A. GOLDSMITH

BEAUMONT HOSPITAL – DEARBORN,
a Michigan corporation, K-9 ACADEMY
TRAINING FACILITY, LLC,
a Michigan Limited Liability Company,
JOSEPH TUCKER, an individual,
WHITNEY GUERBER, an individual,
DANIEL MACK, an individual, and
MARK WILKES, an individual,

      Defendants.

---

Teresa J. Gorman (P61001)
Teresa J. Gorman PLLC
Attorney for Plaintiff
5700 Crooks Road, Suite 200
Troy, MI 48098
Tel: (248) 763-6943
Fax (248) 689-3268
terigorman@aol.com

Charlotte Croson (P56589)
Croson, Taub & Michaels PLLC
Attorneys for Plaintiff
455 East Eisenhower Parkway
Suite 75
Ann Arbor, MI 48108
Tel: (734) 519-0973
Fax: (734) 519-0876
ccroson@ctmlawyers.com

James K. Fett (P39461)
Fett & Fields, P.C.
407 N. Main St.
Ann Arbor, MI  48104
734-954-0100
Fax: 734-954-0762
jim@fettlaw.com
Attorneys for K-9 Defendants

**DEFENDANTS'S BRIEF IN SUPPORT OF RULE 11 MOTION**

# TABLE OF CONTENTS

Statement of Issue Presented ........................................................... ii

Index of Authorities ....................................................................... iii

I.    Introduction ............................................................................1

II.   Facts........................................................................................1

III.  Argument ................................................................................4

   A. Rule 11 Prohibits Attorneys from Pursuing Frivolous and Factually
      Baseless Claims ................................................................... 4

   B. Plaintiff's Claims Lack Evidentiary Support and Are Not Warranted by
      Existing Law......................................................................... 6

         i.    Disability Discrimination Claims ............................. 6

         ii.   Civil Conspiracy Claim ........................................... 7

         iii.  Intentional Infliction of Emotional Distress Claim............. 8

IV.  Conclusion.............................................................................10

## STATEMENT OF ISSUE PRESENTED

I.    Whether the Court should award attorney fees and costs pursuant to Rule 11 where Plaintiff has acted unreasonably in refusing to dismiss his baseless claims.

# INDEX OF AUTHORITIES

## Cases

### U.S. Supreme Court Cases

*Raytheon Co. v. Hernandez*,

    540 U.S. 44, 124 S.Ct. 513 (2003) .................................................................. 6

### Sixth Circuit Cases

*Andretti v. Borla Performance Indus., Inc.*,

    426 F.3d 824 (6th Cir. 2005) .............................................................. 5

*Darnell v. Arthur*,

    782 F. App'x 413 (6th Cir. 2019) .................................................. 4,5

*Loyd v. St. Joseph Mercy Oakland et al.*,

    766 F.3d 580 (6th Cir. 2014) .............................................................. 8

*Merritt v. Int'l Ass'n of Machinists and Aerospace Workers*,

    613 F.3d 609 (6th Cir. 2010) ........................................................ 4,5

*Moore v. Lafayette Life Ins. Co.*,

    458 F.3d 416 (6th Cir. 2006) .............................................................. 5

*Penn, LLC v. Prosper Bus. Dev. Corp.*,

    773 F.3d 764 (6th Cir. 2014) .............................................................. 4

*Ridder v. City of Springfield*,

    109 F.3d 288 (6th Cir. 1997) .............................................................. 5

### Eastern District of Michigan Cases

*EnviroSolids, LLC v. S & J Mgmt., Inc.*,

    No. 12-10596, 2014 WL 806367 (E.D. Mich. Feb. 28, 2014) .................... 7,8

*Gibbs v. Voith Indus. Servs., Inc.*,

    60 F. Supp. 3d 780 (E.D. Mich. 2014) ............................................ 8,9

**Michigan Cases**

*Advocacy Org. for Patients & Providers v. Auto Club Ins. Assoc.*,

    257 Mich.App. 365 (2003)................................................................7

*Rosenberg v. Rosenberg Bros. Special Account*,

    134 Mich.App. 342 (1984)................................................................7

**Non-Sixth Circuit Federal Cases**

*Liu v. Dejoy*,

    664 F.Supp.3d 1030 (C.D. Cal. 2023)..............................................6

## Court Rules

Fed. R. Civ. Pro. 11

## I.     INTRODUCTION

This a motion for Rule 11 sanctions requesting attorney fees and costs for Plaintiff's unreasonable failure to dismiss his baseless claims against instant Defendants K-9 Training Academy, LLC, ("K-9"), Daniel Mack ("Mack"), and Mark Wilkes ("Wilkes").

## II.    FACTS

Plaintiff was employed by now dismissed co-defendant Beaumont Hospital ("Beaumont") as a security officer. On November 13, 2021, Plaintiff began a three-month training program at Defendant K-9 to become a dog handler. Defendants trained and eventually certified Plaintiff as a K-9 handler.

However, Plaintiff performed very poorly as K-9 handler. As a result, Mack, Wilkes, and Beaumont Security Director Whitney Guerber ("Guerber") met with Plaintiff to offer constructive criticism. The meeting is recorded and cannot be described as anything other than an honest, frank, and professional performance review.

Despite Plaintiff's repeated suggestions that Beaumont would be terminating him, Mack and Wilkes on behalf of K-9 assured Plaintiff that they were not the decisionmakers. Guerber, on behalf of Beaumont, repeatedly assured Plaintiff that no decision had been made as to his status. Plaintiff emphatically insisted he was entitled to an indefinite period of time to improve his performance.

Importantly, Plaintiff admits he never made the Defendants aware of his disabilities.

Plaintiff alleges he was thereafter constructively discharged by K-9 in August of 2022 and Beaumont in October of 2022. It is undisputed that K-9 was never Plaintiff's employer.

Plaintiff filed an eleven-count complaint against Defendants and Beaumont. As to the instant Defendants, Plaintiff alleged PWDCRA and ADA discrimination and retaliation, and intentional infliction of emotional distress. He alleged civil conspiracy against Wilkes and Mack.

Plaintiff stipulated to the dismissal of the ADA and PWDCRA *retaliation* claims (Counts II and V)[1] against all Defendants and his ADA and PWDCRA discrimination claims (Counts I and III) against Defendants Mack and Wilkes. Thus, Plaintiff's remaining claims are for disability discrimination (Counts I and III) against K-9, and civil conspiracy (Count X) and intentional infliction of emotional distress (Count XI) against all Defendants.

As to Plaintiff's discrimination claims, he admits the instant Defendants were unaware of his disability. Complaint, para 43, ECF No. 1, PageID.7; **Exhibit A:** Plaintiff's Dep. ("PD") at 91:24-92:5; 104:6-12; 107:19-22.

---

[1] He claimed he was retaliated against for reporting animal abuse to a Beaumont employee.

As to Plaintiff's civil conspiracy claim against Mack, Wilkes and Beaumont employees, the only evidence Plaintiff produced is as follows:

> Q.   My question to you regarding that allegation is how do you know that Tucker, Guerber, Mack and Wilkes conspired with one another?
>
> A.   Because when I brought up the concern about what was happening to Lincoln, all of a sudden I get pulled into this office. It's way too close of a timeline for all of this to happen. And again, I have never signed anything and there is nothing in my employee file.
>
> Q.   Okay. And you don't recall the timing though of how long between your Complaint and you getting called in on August 16, 2022?
>
> A.   If I had to, like I said to you before, maybe three, four-ish weeks. Again, I don't know.
>
> Q.   Okay. Anything else besides the timing?
>
> A.   Nothing I can think of.

**Exhibit A:** PD 163:22-164:11.

Lastly, as to Plaintiff's intentional infliction of emotional distress claim, Plaintiff testified that the K-9 and Beaumont defendants' failure to "sit down" and "come up" with a "peaceful resolution" constituted extreme and outrageous conduct:

> Q.   Tell us the conduct that was extreme, outrageous and of a character as not to be tolerated.
>
> A.   Well, I can refer back to when I asked and asked and asked for a peaceful resolution again and again knowing how - - because what the recording there doesn't tell you is that I was through - - my anxiety was through the roof of what

> was going on.  I asked Whiteny, let's - - please, let's sit down.  Let's talk.  Let's figure this out.  Let's come up with a solution.

**Exhibit A:** PD 165:21-167:1.

On February 15, 2024, Defendants sent Plaintiff a Rule 11 letter outlining the deficiencies of the above claims and requested dismissal. **Exhibit B**: Rule 11 Letter. Plaintiff has refused to dismiss his remaining claims.

## III.   ARGUMENT

### A.   Rule 11 Prohibits Attorneys from Pursuing Frivolous and Factually Baseless Claims

"Attorneys must reasonably investigate factual allegations and legal contentions—including their frivolity—before filing a complaint with a federal court." *Darnell v. Arthur*, 782 F. App'x 413, 416 (6th Cir. 2019) citing Fed. R. Civ. P. 11(b). "This obligation is not static; Rule 11 'imposes a continual obligation on attorneys to refrain from pursuing meritless or frivolous claims at any stage of the proceedings.'" *Id*. citing *Merritt v. Int'l Ass'n of Machinists and Aerospace Workers*, 613 F.3d 609, 627 (6th Cir. 2010). "Rule 11(c)'s sanction provision 'encourages keen observance of this duty.'" *Id*. citing *Penn, LLC v. Prosper Bus. Dev. Corp*., 773 F.3d 764, 766 (6th Cir. 2014). "It permits sanctions if 'a reasonable inquiry discloses the pleading, motion, or paper is (1) not well grounded in fact, (2) not warranted by existing law or a good faith argument for the extension, modification or reversal of existing law, or (3) interposed for any improper purpose such as harassment or

4

delay.'" *Id*. citing *Merritt*, 613 F.3d at 626. "'Rule 11 sanctions are warranted if the attorney's conduct was unreasonable under the circumstances.'" *Id*. citing *Andretti v. Borla Performance Indus., Inc.*, 426 F.3d 824, 833 (6th Cir. 2005).

When a party moves for Rule 11 sanctions, it must follow the Rule's strict procedural mandate:

> A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b). The motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets.

Fed. R. Civ. P. 11(c)(2).

"This safe-harbor provision 'giv[es] the proponent of a questionable claim an opportunity to assess the claim's validity without immediate repercussion.'" *Darnell*, 782 F. App'x at 416 citing *Ridder v. City of Springfield*, 109 F.3d 288, 294 (6th Cir. 1997). "In short, Rule 11 sanctions are permissible only after the moving party puts the offending party on notice of aberrant conduct and the offending party declines to cure a deficient filing." *Id*. citing *Moore v. Lafayette Life Ins. Co.*, 458 F.3d 416, 446 (6th Cir. 2006).

### B.   Plaintiff's Claims Lack Evidentiary Support and Are Not Warranted by Existing Law

### i.   Disability Discrimination Claims

Plaintiff's failure to dismiss his claims for ADA Discrimination (Count I) and PWDCRA Discrimination (Count IV) violate Rule 11 because Plaintiff admits Defendants were unaware of his disability. See Plaintiff's Complaint, ECF No. 1, PageID.7, ¶ 43 ("Plaintiff had never provided Defendants Mack or Wilkes or anyone else at K9ATF any information about his private health issues."); See also **Exhibit A:** Plaintiff's Dep. ("PD") at 91:24-92:5; 104:6-8; 107:19-22.

Where a Defendant is unaware of a Plaintiff's disability, there can be no disability discrimination. See *Raytheon Co. v. Hernandez*, 540 U.S. 44, 54 fn. 7, 124 S.Ct. 513 (2003) ("The Court of Appeals did not explain, however, how it could be said that Bockmiller was motivated to reject respondent's application because of his disability if Brockmiller was entirely unaware that such disability existed. If Bockmiller were truly unaware that such a disability existed, it would be impossible for her hiring decision to have been based, even in part, on respondent's disability. And, if no part of the hiring decision turned on respondent's status as disabled, he cannot, *ipso facto*, have been subject to disparate treatment"); *Liu v. Dejoy*, 664 F.Supp.3d 1030, 1052 (C.D. Cal. 2023).

Plaintiff's admission that the instant Defendants were unaware of his disability forecloses liability for intentional discrimination under the ADA and

PWDCRA. His refusal to dismiss his disability discrimination claims therefore violates Rule 11.

### ii.   Civil Conspiracy Claim Against Mack and Wilkes

"A civil conspiracy is a combination of two or more persons, by some concerted action, to accomplish a criminal or unlawful purpose, or to accomplish a lawful purpose by criminal or unlawful means." *EnviroSolids, LLC v. S & J Mgmt., Inc.*, No. 12-10596, 2014 WL 806367, at *4 (E.D. Mich. Feb. 28, 2014) citing *Advocacy Org. for Patients & Providers v. Auto Club Ins. Assoc.*, 257 Mich.App. 365, 384, 670 N.W.2d 569 (2003). "A conspiracy requires a concerted action—the alleged conspirator must have known of, and acquiesced in, the wrongful conduct." *Id*. at *5 citing *Rosenberg v. Rosenberg Bros. Special Account*, 134 Mich.App. 342, 354, 351 N.W.2d 563 (1984).

In *EnviroSolids, LLC*, Plaintiff's only evidence of "concerted action" was temporal proximity of events. 2014 WL 806367, at *5. "The Court found Plaintiff's "conspiracy claim meritless as Defendant Skyline has not highlighted evidence of a 'concerted action.'" *Id*. The Court dismissed the counter-claim, stating that "[t]he entire theory is based on pure conjecture and, importantly, fails to create genuine issues of fact that Plaintiff knew of or acquiesced in an agreement or plot with SJGK Defendants to commit a wrongful act." *Id*.

7

Plaintiff likewise lacks an evidentiary basis for his allegation that Defendants engaged in a concerted action. Indeed, the only evidence Plaintiff provided is less persuasive than in *EnviroSolids, LLC*:

> A.   Because when I brought up the concern about what was happening to Lincoln [3 or 4 weeks earlier] all of a sudden I get pulled into this office. It's way too close of a timeline for all of this to happen. And again, I have never signed anything and there is nothing in my employee file.

**Exhibit A:** PD 163:22-164:11.

Like in *EnviroSolids, LLC*, Plaintiff's claim is "based on pure conjecture" and his claim is "meritless as [Plaintiff] has not highlighted evidence of a 'concerted action.'" 2014 WL 806367, at *5. Therefore, Plaintiff's refusal to dismiss this claim is a violation of Rule 11.

### iii.   Intentional Infliction of Emotional Distress Claims

"In order to establish a claim for intentional infliction of emotional distress ("IIED") under Michigan law, Gibbs must demonstrate '(1) extreme and outrageous conduct, (2) intent or recklessness, (3) causation, and (4) severe emotional distress.'" *Gibbs v. Voith Indus. Servs., Inc.*, 60 F. Supp. 3d 780, 801 (E.D. Mich. 2014) (internal citations omitted). "[R]un-of-the-mill claims of employment discrimination (as are alleged here) do not constitute extreme and outrageous conduct sufficient to state a claim of intentional infliction of emotional distress under Michigan law." *Id.* quoting *Loyd v. St. Joseph Mercy Oakland et al.*, 766 F.3d 580, 592 (6th Cir.2014).

8

In *Gibbs*, the court held that there was not extreme and outrageous conduct as a matter of law where Plaintiff alleged Defendant "cornered her" and used profanities. *Id*. at 803.

Defendants' conduct here cannot reasonably be construed as extreme or outrageous. Plaintiff's evidence is as follows:

> A.   Well, I can refer back to when I asked and asked and asked for a peaceful resolution again and again knowing how - - because what the recording there doesn't tell you is that I was through - - my anxiety was through the roof of what was going on.  I asked Whiteny, let's - - please, let's sit down.  Let's talk.  Let's figure this out.  Let's come up with a solution.
>
> <div align="center">***</div>
>
> I feel that was it was extreme.  It was outrageous.  And I feel like a credible and respectable employer would say this is not a way that an employer should treat somebody. I was willing, this entire time way before this happened, to sit down and talk so we can figure out what we can do, but nobody was having it.  Nobody at K9-ATF, nobody at Beaumont.

**Exhibit A:** PD 165:21-167:1.

Plaintiff is in possession of the recording of the meeting which Plaintiff claims as the basis for his allegation that Defendants engaged in extreme and outrageous conduct. Like in *Gibbs*, Plaintiff has clearly failed, as a matter of law, to produce evidence that Defendants engaged in extreme our outrageous

conduct. Plaintiff's refusal to dismiss the claim despite possession of the recording is unreasonable and a violation of Rule 11.

## IV.    CONCLUSION

Plaintiff requests that this Court award attorney fees and costs pursuant to Fed R. Civ. Pro. 11 (c).

<div style="margin-left:40%">

Respectfully submitted,

FETT & FIELDS, P.C.

*/s/ James K. Fett*
By:  James K. Fett (P39461)
Fett & Fields, P.C.
407 North Main Street, 2nd Floor
Ann Arbor, MI 48104
734-954-0100
jim@fettlaw.com
Attorneys for Plaintiff

</div>

Dated:  March 15, 2024

## LOCAL RULE CERTIFICATE OF COMPLAINCE

I, James K. Fett, certify that this document complies with Local Rule 5.1(a), including: double-spaced (except for quoted materials and footnotes); at least one-inch margins on the top, sides, and bottom; consecutive page numbering; and type size of all text and footnotes is no smaller than 10-1/2 characters per inch (for non-proportional fonts) or 14 point (for proportional fonts). I also certify that it is the appropriate length. Local Rule 7.1(d)(3).

Respectfully submitted,

*/s/ James K. Fett*
By:  James K. Fett (P39461)
Fett & Fields, P.C.
407 North Main Street, 2nd Floor
Ann Arbor, MI 48104
734-954-0100
jim@fettlaw.com
Dated:  March 15, 2024          Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on March 15, 2024, I electronically filed the above document(s) with the Clerk of the Court using the ECF System, which will provide electronic copies to counsel of record.

Respectfully submitted,

*/s/ James K. Fett*
By:  James K. Fett (P39461)
Fett & Fields, P.C.
407 North Main Street, 2nd Floor
Ann Arbor, MI 48104
734-954-0100
jim@fettlaw.com

Dated:  March 15, 2024        Attorneys for Plaintiff