# EXHIBIT B

## Legal Secretary

| | |
|---|---|
| **From:** | Jim Fett |
| **Sent:** | Thursday, February 15, 2024 5:33 PM |
| **To:** | 'terigorman@aol.com'; 'Charlotte Croson' |
| **Cc:** | Kenny Fett; Legal Secretary |
| **Subject:** | Rule 11 Motion |
| **Attachments:** | D's Rule 11 Motion.docx |

Dear Teri and Charlotte,

  This letter and attachment are being sent to you pursuant to Rule 11 because of the complaint that you filed in this case.  This letter places both you and your client on notice that my clients intend to file the attached motion for Rule 11 Sanctions unless you take appropriate steps to comply with the "safe harbor" provisions of Rule 11 (c)(2) within 21 days from today.

Jim Fett
Fett & Fields, PC
407 North Main Street, 2nd Floor
Ann Arbor, MI 48104
734-954-0100
734-954-0762 (fax)
Jim@fettlaw.com
Visit us at www.fettlaw.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

TYLER MAUL,

      Plaintiff,                         Case No.:  2:23-cv-11139-MAG-APP

V                                HON. MARK A. GOLDSMITH

BEAUMONT HOSPITAL – DEARBORN,
a Michigan corporation, K-9 ACADEMY
TRAINING FACILITY, LLC,
a Michigan Limited Liability Company,
JOSEPH TUCKER, an individual,
WHITNEY GUERBER, an individual,
DANIEL MACK, an individual, and
MARK WILKES, an individual,

      Defendants.

---

Teresa J. Gorman (P61001)
Teresa J. Gorman PLLC
Attorney for Plaintiff
5700 Crooks Road, Suite 200
Troy, MI 48098
Tel: (248) 763-6943
Fax (248) 689-3268
terigorman@aol.com

Charlotte Croson (P56589)
Croson, Taub & Michaels PLLC
Attorneys for Plaintiff
455 East Eisenhower Parkway
Suite 75
Ann Arbor, MI 48108
Tel: (734) 519-0973
Fax: (734) 519-0876
ccroson@ctmlawyers.com

James K. Fett (P39461)
Fett & Fields, P.C.
407 N. Main St.
Ann Arbor, MI  48104
734-954-0100
Fax: 734-954-0762
jim@fettlaw.com
Attorneys for K-9 Defendants

## <u>DEFENDANTS RULE 11(c) MOTION</u>

Defendants K-9 Academy Training Facility, LLC, Mark Wilkes, and Daniel Mack, through counsel, move for sanctions under Fed.R.Civ.P. 11(b)(2) and (c) as follows:

1.     Defendants are in the K-9 handler training business – Defendant K-9 Academy Training Facility, LLC, ("K-9") is the school owned by Terrence Foley.

2.     Defendants Wilkes and Mack are Master Trainers that teach at K-9.

3.     Foley, Wilkes, and Mack are all retired police officers from Wayne and Highland Park (Foley), Dearborn (Wilkes), and Allen Park (Mack).

4.     The Defendants train K-9 handlers for law enforcement, security businesses, hospitals, and other entities needing K-9 services; they also provide K-9 services to these same entities.

5.     K-9 trained K-9 handlers for Beaumont (now Corewell) healthcare facilities in southeast Michigan.

6.     Plaintiff was a security officer for Beaumont, first at the Beaumont Taylor facility, and then at Beaumont-Dearborn (formerly Oakwood Hospital).

7.     Beaumont-Dearborn sent Plaintiff and its canine "Lincoln" to K-9 for training; at all times he was a Beaumont employee and it was Beaumont that decided to terminate Plaintiff's employment, based in part on his failings as a K-9 handler as determined by these Defendants.

8.      Plaintiff settled his case with the Beaumont Defendants on the caption,

leaving only the instant K-9 Defendants.

9.      Plaintiff asserts the following claims against Defendants;

Count I:      ADA Disability Discrimination (including failure to accommodate)

Count II:     ADA Retaliation

Count III:    Persons with Disabilities Civil Rights Act ("PWDCRA") Disability Discrimination

Count IV:    PWDCRA Retaliation

Count X:      Civil Conspiracy

Count XI:     Intentional Infliction of Emotional Distress

10.     The Court should dismiss Count I (ADA Discrimination) because the

instant Defendants were unaware that Plaintiff had a disability. Complaint, para 43,

ECF No. 1, PageID.7; **Exhibit A:** Plaintiff's Dep. ("PD") at 91-92; 104:6-8, 107:19-

22, *Raytheon Co. v. Hernandez*, 540 U.S. 44, 54 fn. 7, 124 S.Ct. 513 (2003) ("The

Court of Appeals did not explain, however, how it could be said that Bockmiller was

motivated to reject respondent's application because of his disability if Brockmiller

was entirely unaware that such disability existed. If Bockmiller were truly unaware

that such a disability existed, it would be impossible for her hiring decision to have

been based, even in part, on respondent's disability. And, if no part of the hiring

decision turned on respondent's status as disabled, he cannot, *ipso facto*, have been

subject to disparate treatment"); *Liu v. Dejoy*, 664 F.Supp.3d 1030, 1052 (C.D. Cal. 2023).

10.     This Court should dismiss Count II (ADA Retaliation) since Plaintiff's alleged protected activity was reporting alleged dog abuse, **Exhibit A**: PD at 115-116:18-20, which is not covered by any civil rights statute. Furthermore, Plaintiff fails to allege an adverse employment action, claiming only that he was ambushed in a meeting where Defendants Mack and Wilkes, and Beaumont Security Manager Whitey Gurerber offered constructive criticism regarding his dog handling skills. *Id.* at 117:18-20.

11.     The Court should dismiss Counts III and IV (the PWDCRA counts) for the same reasons it should dismiss the above ADA counts.

12.     Finally, as to the ADA and PWDCRA claims, the Court should dismiss them all against Mack and Wilkes because there is no individual liability under either statute. *Schuette v. Rand, et. al*., 2020 WL 7664775, *5-6 (E.D. Mich. Dec. 23, 2022), citing *Lee v. Mich. Parole Bd*., 104 F. App'x. 490, 493 (6th Cir. 2004) (PDCRA), *Farhat v. Mich. Dep't of Corrections*, No. 12-10864, 2012 WL 5874813, at *4 (E.D. Mich. Nov. 20, 2012) (PDCRA), *Down v. Ann Arbor Pub. Sch*., No. 17-13456, 2018 WL 6649722 (E.D. Mich. Dec. 19, 2018) (PDCRA) *Dillon–Barber v. Regents of Univ. of Michigan*, 51 F. App'x. 946, 948 (6th Cir. 2002) (PDCRA), *Williams v. McLemore*, 247 F. App'x 1, 8 (6th Cir. 2007) (ADA), *Hiler v. Brown*,

177 F.3d 542, 546 (6th Cir. 1999) (ADA), and *Wathen v. General Electric Co.*, 115

F.3d 400, 404–05 (6th Cir. 1997) (ADA).

13.    The Court should also dismiss Count X (Civil Conspiracy) because

Plaintiff cites only the following evidence of conspiracy:

> Q.    My question to you regarding that allegation is how do you know that Tucker, Guerber, Mack and Wilkes conspired with one another?
>
> A.    Because when I brought up the concern about what was happening to Lincoln, all of a sudden I get pulled into this office. It's way too close of a timeline for all of this to happen. And again, I have never signed anything and there is nothing in my employee file.
>
> Q.    Okay. And you don't recall the timing though of how long between your Complaint and you getting called in on August 16, 2022?
>
> A.     If I had to, like I said to you before, maybe three, four-ish weeks. Again, I don't know.
>
> Q.    Okay. Anything else besides the timing?
>
> A.    Nothing I can think of.

**Exhibit A:** PD 163:22-164:11.

14.    Finally, the Court should dismiss Count XI (Intentional Infliction of

Emotional Distress) because the alleged "… conduct that was extreme, outrageous,

and of such character as to not be tolerated by a civilized society was:

Q.    Tell us the conduct that was extreme, outrageous and of a character as not to be tolerated.

A.    Well, I can refer back to when I asked and asked and asked for a peaceful resolution again and again knowing how - - because what the recording there doesn't tell you is that I was through - - my anxiety was through the roof of what was going on.  I asked Whiteny, let's - - please, let's sit down.  Let's talk.  Let's figure this out.  Let's come up with a solution.

I don't care what happens.  I just want to get back to doing what I want to do, going back to what I love to do.  Like it just seemed like every time I was trying to be that pacifist in the situation, more things were happening.  They took my dog away.  I had to go on intermittent leave, then I was suddenly on an investigation where I didn't even know I was on an investigation until my anxiety peaked to new heights.  It just was thing after thing after thing.

I feel that was it was extreme.  It was outrageous.  And I feel like a credible and respectable employer would say this is not a way that an employer should treat somebody.  I was willing, this entire time way before this happened, to sit down and talk so we can figure out what we can do, but nobody was having it.  Nobody at K9-ATF, nobody at Beaumont.

Q.    Okay.

A.    I have it in writing saying I would just want a peaceful resolution.  That's all I wanted.

Q.    All right.  Anything else you want to add?

A.    No.

**Exhibit A:** PD 165:21-167:1.

WHEREFORE, Defendant requests that this Court award sanctions under Rule11(b)(2) and (c) and dismiss this case against the K-9 Defendants.

\

Respectfully Submitted,

FETT & FIELDS, P.C.

*/s/ James K. Fett*
By:  James K. Fett (P39461)
Fett & Fields, P.C.
407 North Main Street, 2nd Floor
Ann Arbor, MI 48104
734-954-0100
jim@fettlaw.com
Dated:  February 15, 2024        Attorneys for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on February 15, 2024, I electronically served this document to opposing counsel.

Respectfully submitted,

*/s/ James K. Fett*
By:  James K. Fett (P39461)
Fett & Fields, P.C.
407 North Main Street, 2nd Floor
Ann Arbor, MI 48104
734-954-0100
jim@fettlaw.com
Dated:  February 15, 2024        Attorneys for Defendants